UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2782 CIVIL ACTION NO. 1:17-MD-02782-RWS |
| | COMPLAINT & JURY DEMAND |
| David Horton | |
| Plaintiff | Civil Action No.: _____ |
| Vs | |
| Johnson & Johnson & Ethicon, Inc. | |
| Defendant | |

_____

## **SHORT FORM COMPLAINT**

Come now the Plaintiff(s) named below, and for their Complaint against the

Defendants named below, incorporate the Master Complaint in MDL No. 2782 by

reference.  Plaintiff(s) further show the court as follows:

1.  Plaintiff Implanted with Physiomesh

    David Horton

2.  Plaintiff's Spouse (if applicable)

    __N/A_____

3.  Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

    _____

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint

   LOUISIANA

5. State of Residence and Citizenship at the Time of Implantation

   LOUISIANA

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

   USDC WDLA

7. Defendants (Check Defendants against whom Complaint is made):

   X    A.  Ethicon, Inc.

   X    B.  Johnson & Johnson

8. Basis of Jurisdiction

   X    Diversity of Citizenship (28 U.S.C. § 1332(a))

   ☐    Other: _____

   A.  Paragraphs in Master Complaint upon which venue and jurisdiction lie:

      3-13

   B. Other allegations of jurisdiction and venue:

   _____

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| 04/07/2011 | Christus Cabrini Surgery Center, LLC<br><br>Alexandria, LA  71301 | Dr. Michael Conerly |
|  |  |  |
|  |  |  |

10. Counts in the Master Complaint brought by Plaintiff(s):

    X     Count I – Strict Product Liability – Defective Design

    X     Count II – Strict Product Liability – Failure to Warn

    X     Count III – Strict Product Liability – Manufacturing Defect

    X     Count IV – Negligence

☐   Count V –  Consumer Protection Laws (Please identify applicable State Consumer Protection law(s) and state any additional facts and legal basis for application of State Consumer Protection law(s) in this case)

_____

_____

_____

X   Count VI – Gross Negligence

☐   Count VII – Loss of Consortium

X   Count VIII – Punitive Damages

☐   Count IX – Discovery Rule, Equitable Tolling/Estoppel (Please state any additional facts and legal basis for Discovery Rule and Tolling below)

<u>Plaintiff did not discover the cause of his injury until approximately April 2018.  Plaintiff further incorporates all allegations in the Master Complaint, including those that related to Defendants' fraudulent concealment and equitable tolling.</u>

☐   Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint  below):

_____

_____

_____

X   Jury Trial is Demanded as to All Counts

☐   Jury Trial is NOT Demanded as to Any Count

4

**s/Andrew J. Geiger**
Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Andrew Geiger (Bar No. 32467)
Allan Berger (Bar No. 2977)
Allan Berger & Associates
4173 Canal Street
New Orleans, LA 70119
Phone: 504-486-9481
Fax: 504-483-8130
ageiger@bergerlawnola.com